United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

DAVID EGAN,

Plaintiffs,

v.

COUNTY OF DEL NORTE, et al.,

Defendants.

Case No. 12-cv-05300 NJV

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DISMISSING STATE-LAW CLAIMS.**

(Dkt. No. 30)

Plaintiff David Egan has brought a § 1983 action against the County of Del Norte, the Del Norte County Sheriff's Department and Del Norte County Sheriff Dean Wilson, asserting claims under the United States Constitution, and related claims under California state law. The claims arise from a search and seizure conducted at Plaintiff's residence pursuant to a warrant.

Defendants move for summary judgment as to all of Plaintiff's § 1983 claims, and request that the court decline to exercise supplemental jurisdiction over the state-law claims. The matter was fully briefed and the court took the matter under submission on the papers. (Doc. 36.) For the reasons set forth below, the court will grant Defendants' motion for summary judgment and will dismiss the state-law claims.

**PROCEDURAL HISTORY**

Plaintiff filed this action on October 11, 2012. (Doc. 1.) Both parties have consented to magistrate judge jurisdiction. (Docs. 5, 8.) On February 19, 2013, the court granted Defendants' motion to dismiss without prejudice, based on Plaintiff's failure to allege compliance with the California Tort Claims Act. (Doc. 18.) Plaintiff filed his first amended complaint on March 6, 2013. (Doc. 21.) The case now proceeds on that complaint. Defendants filed an answer to the

first amended complaint on March 19, 2013, and filed the motion for summary judgment now before the court on Nov 5, 2013. (Docs. 23, 30.) Plaintiff opposes the motion. (Doc. 33.)

**FACTUAL BACKGROUND**

On August 18, 2011, Del Norte County Sheriff Detective Robert Barber executed a search warrant on Plaintiff's residence in Crescent City, California, assisted by other members of the Del Norte County Sheriff's Department, a detective from the Curry County Sheriff's Department, and another detective from the Brookings, Oregon Police Department. (Dec. of Barber, Ex. A; First Amended Complaint ("FAC") ¶ 12.)

Plaintiff was arrested and transported to the Del Norte County Jail, where he was briefly detained and booked on weapons charges, including unlawful possession of assault weapons (Penal Code § 12280) and unlawful possession of a fully automatic firearm (Penal Code § 12251). (Dec. of Barber, Ex. A.)

Plaintiff claims that he was struck from behind and forcibly knocked to the ground during the entry, causing him to lose consciousness. (Doc. 21, First Amended Complaint, 2:1-3.) He also alleges that numerous items of property were taken from the premises, which were not accounted for in the offense report prepared following the August 18, 2011 search.

**CLAIMS ASSERTED**

Plaintiff's first amended complaint asserts the following claims for relief pursuant to 42 U.S.C. § 1983 against all Defendants: (1) unreasonable search and seizure; (2) fabrication of evidence; (3) conspiracy to interfere with civil rights; (4) supervisory liability for constitutional violations; and (5) municipal liability for unconstitutional custom or practice. Plaintiff also asserts two state-law claims: (1) malicious prosecution; and (2) intentional infliction of emotional distress.

The only Defendants properly named in the first amended complaint are the County and Sheriff Wilson. Plaintiff's complaint also names a third defendant: the Del Norte County Sheriff's Department. However, because the Sheriff's Department is a subdivision of Del Norte County, the Sheriff's Department is not a proper defendant for purposes of Plaintiff's § 1983 claims. *See Nelson v. County of Sacramento*, 926 F. Supp. 2d 1159, 1170 (E.D.Cal. 2013) (sheriff's

department a subdivision of a local governmental agency and therefore not a proper defendant in a § 1983 action); *Vance v. County of Santa Clara*, 928 F. Supp. 993 (N.D.Cal. 1996) (naming a municipal department not a proper means of naming a municipality in a §1983 action). Accordingly, the court will dismiss with prejudice Plaintiff's § 1983 claims against the Del Norte County Sheriff's Department.

**STANDARDS GOVERNING SUMMARY JUDGMENT**

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); *Adickes v. S.H. Kress & Co*., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608 (1970). Under summary judgment practice, the moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to a material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 585-86, 106 S.Ct. 1348, 1355 (1986). Thus, to withstand a motion for summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue of material fact in dispute. See Federal Rules of Civil Procedure Rule 56(c). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, "the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. at 323, 106 S.Ct. at 2552.

In opposing summary judgment, Plaintiff is not entitled to rely on the allegations of his complaint. He "must produce at least some 'significant probative evidence tending to support the complaint.'" *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.

1987) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968)). Accordingly, summary judgment should be granted "if the evidence is merely colorable . . . or is not significantly probative." *Eisenberg v. Insurance Co. of North America*, 815 F.2d 1285, 1288 (9th Cir. 1987). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 247–248, 106 S.Ct. at 91.

**EVIDENTIARY OBJECTIONS**

Plaintiff objects to the declarations of Sheriff Wilson, Robert Barber and Stephen D'Arcy on the grounds that they are uncorroborated, unsupported by any admissible evidence and are self-serving. These objections go to the weight of the evidence, not to its admissibility. The objections are overruled. *See generally*, Fed.R.Evid. 401, 402, 602.

Plaintiff also objects to the declaration of Stephen D'Arcy on the grounds that it is based on second hand information and inadmissible hearsay, and not on the personal knowledge or observation of the declarant but is predicated on the reports of "the defendants." Mr. D'Arcy states in his declaration that his "review and opinions are based on the documents, and materials provided to me as of this date." (Doc. 30-3.) Plaintiff's objection is overruled. See Rule 703, Federal Rules of Evidence ("(a)n expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted.") Finally, Plaintiff states that he objects on the ground "that this declarant is the paid, expert witness of defendants and therefore is biased and his declaration and related testimony must be reviewed and accepted, or rejected, in that light." (Doc. 33-2, 2:18-20.) To the extent that this constitutes an objection, it is overruled.

**DISCUSSION**

**I. SECTION 1983 CLAIMS BASED ON INDIVIDUAL LIABILITY**

Plaintiff's § 1983 claim against Sheriff Wilson is based solely on a theory of supervisory liability. (FAC, ¶44-50.) Defendants move for summary judgment on this claim, set forth in the

fourth claim for relief, contending that there is no factual basis to support supervisory liability.

With respect to supervisory or managerial personnel, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 675–76, 129 S.Ct. 1937, 1947-48 (2009); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir.2009). Supervisors may be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); accord *Starr v. Baca*, 652 F.3d 1202, 1205–08 (9th Cir. 2011). Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*. *Iqbal*, 662 U.S. at 675-76, 129 S.Ct. at 1949.

Defendants have proffered evidence that Sheriff Wilson had no involvement in the subject search and seizure, the investigation leading up to the search and seizure, or Plaintiff's arrest. (Doc. 30-2, Declaration of Sheriff Dean Wilson, ¶¶ 3-7.) In addition, it is undisputed that Sheriff Wilson is in charge of the administration of the Del Norte County Sheriff's Department, and does not directly supervise any Del Norte County Sheriff Deputies. (*Id*., ¶ 2.)

Because Defendants have met their initial burden of informing the court of the basis of their contention that they are entitled to summary judgment as to Sheriff Wilson, the burden shifts to Plaintiff to establish a genuine issue of material fact. Plaintiff, however, has provided the court with no citation to any evidence creating a genuine issue as to whether Sheriff Wilson participated in or directed the alleged violations, or knew of the alleged violations and failed to act to prevent them. Indeed, Plaintiff provides the court with no citation to any evidence, and instead argues that Defendants have failed to prove the negative. [1] Plaintiff is mistaken in so arguing because that is not Defendants' burden under the standards set forth above. Therefore, the court finds Defendants' evidence on this issue to be undisputed.

[1] Plaintiff also contends that Defendants' motion is procedurally defective because it is not accompanied by a statement of undisputed facts. Plaintiff is incorrect. The undersigned's Civil Case Management and Pretrial Order, effective June 4, 2013, provides in part that, "separate statements of undisputed facts in support of or in opposition to motions for summary judgment shall NOT be filed unless otherwise ordered by the court."

Accordingly, the court finds that no genuine issue of material fact exists as to whether Sheriff Wilson participated in or directed the alleged violations, or knew of the alleged violations and failed to act to prevent them. Therefore, no § 1983 claim may be maintained against Sheriff Wilson, the sole individual defendant, based on supervisory liability.

Because Sheriff Wilson is the sole individual defendant named in this action, and the court has found that Defendants are entitled to summary judgment on the sole basis of liability alleged against him, they are also entitled to summary judgment on Plaintiff's § 1983 claims for unreasonable search and seizure, fabrication of evidence, and conspiracy. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981) (defendants entitled to summary judgment where plaintiff could not show they were proximate cause of his alleged injuries); *Pauline v. HCF Admin*., 2012 WL 1564500, at *3 (D. Haw. 2012) ("[t]o properly state a claim under § 1983, Plaintiff must name the individual defendants who violated his federal rights and he must allege facts showing how each individually named defendant caused or personally participated in causing the harm alleged in the complaint" (citing *Arnold, supra*)); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."). Accordingly, the court will grant Defendants summary judgment on Plaintiff's first, second and third claims for relief.

## II. SECTION 1983 CLAIM BASED ON MUNICIPAL LIABILITY

Plaintiff's fifth claim for relief asserts a § 1983 municipal liability claim against the County of Del Norte pursuant to *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978). The complaint alleges that the County and the Sheriff's Department maintained a policy and/or custom "in regards to the search of homes of individuals, the seizure of personal property from individuals and the arrest of individuals such as plaintiff." (Doc. 21, First Amended Complaint, 11:5-7)

To impose liability on a local governmental entity for failing to act to preserve constitutional rights, a § 1983 plaintiff must establish (1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy "amounts to

deliberate indifference" to the plaintiff's constitutional right; and (4) that the policy is the "moving force behind the constitutional violation." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389–91, 109 S.Ct. 1197, 1205 (1989).

A local governmental unit may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability. *Monell*, 436 U.S. at 691, 98 S.Ct. at 2037-38; *Fogel v. Collins*, 531 F.3d 824, 834 (9th Cir.2008). Liability only attaches where the municipality itself causes the constitutional violation through "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell*, 436 U.S. at 694, 98 S.Ct. at 2037-38; *Ulrich v. City & County of San Francisco*, 308 F.3d 968, 984 (9th Cir.2002). A policy or custom under *Monell* may be shown through: (1) a longstanding practice or custom which constitutes the "standard operating procedure" of the local government entity; (2) the decision of a decision-making official who was, as a matter of state-law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision; or (3) when an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate. *Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005).

Defendants have proffered evidence that the Del Norte County Sheriff's Department's policies comply with the Commission on Peace Officer Standards and Training, and that all deputies and supervisorial officers are properly trained in the use of force, crime investigation, procedures to obtain search warrants, arrest procedures, the execution of search warrants and the handling of property seized during the execution of search warrants. (Doc. 30-2, Dec. of Wilson, ¶¶ 8-10; Declaration of Stephen D'Arcy, Ex. A.) Defendants argue that Plaintiff's claim against the County is based on a single incident by non-policymaking officer, which is insufficient to show a policy or custom. *See Webb v. Sloan*, 330 F.3d 1158, 1164 (9th Cir. 2003) (deputy district attorneys found to have final policymaking authority for municipality); *Young Han v. City of Folsom*, 2011 WL 5510810, at *13 (E.D.Cal. 2011) (no municipal liability found where plaintiffs merely pointed to a single incident conducted by individual officers with no influence on city-wide policy).

United States District Court
Northern District of California

Because Defendants have met their initial burden of informing the court of the basis of their contention that they are entitled to summary judgment as to Plaintiff's claim based on municipal liability, the burden shifts to Plaintiff to establish a genuine issue of material fact. Again, however, Plaintiff has provided the court with no citation to any evidence creating such a genuine issue, and instead argues that Defendants have failed to prove the negative. Therefore, the court finds Defendants' evidence to be undisputed.

Plaintiff has failed to carry his burden establishing a triable issue of fact that the County of Del Norte maintained an unconstitutional policy or custom which caused the deprivation of Plaintiff's constitutional rights. Accordingly, the County is entitled to summary judgment with respect to Plaintiff's § 1983 claim against it.

## III. STATE-LAW CLAIMS

Plaintiff's sixth claim for relief for malicious prosecution and seventh claim for relief for intentional infliction of emotional distress are based on state law. A district court should normally decline to exercise supplemental jurisdiction over supplemental state-law claims once all federal claims have been dismissed. 28 U.S.C § 1367(c)(3); *Acri v. Varian Associates, Inc*., 114 F.3d 999, 1001 (9th Cir. 1997) ("[t]he Supreme Court has stated, and we have often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point towards declining to exercise jurisdiction over the remaining state-law claims'" (citation omitted*)); Ove v. Gwinn*, 264 F.3rd 817, 826 (9th Cir. 2001) (holding court, under § 1367(c)(3), may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction). As discussed above, Defendants are entitled to summary judgment as to all of Plaintiff's § 1983 claims. Accordingly, the court declines to exercise supplemental jurisdiction over Plaintiff's state-law causes of action for malicious prosecution and intentional infliction of emotional distress.

## CONCLUSION

For the above-stated reasons, the court dismisses with prejudice Plaintiff's § 1983 claims against the Del Norte County Sheriff's Department. The court finds that there is no triable issue of material fact regarding Plaintiff's §1983 claims against the County and Sheriff Wilson, and

summary judgment is appropriate as to those claims. In addition, the court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims, and those claims are dismissed without prejudice to Plaintiff's right to reassert those claims in state court.

The Clerk of the Court shall enter a separate judgment in favor of Defendants on Plaintiff's § 1983 claims and a judgment of dismissal as to Plaintiff's state-law claims.

IT IS SO ORDERED.

Dated: January 6, 2014

NANDOR J. VADAS
United States Magistrate Judge